# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SURVIVAL SPRING, LLC D/B/A EAGLES CROSSING DISC GOLF, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No.: _____ ) |
| MAX DISCTANCE IP, LLC, MAX DISCTANCE, LLC, | ) JURY TRIAL DEMANDED ) ) |
| Defendants. | ) ) |

## COMPLAINT

Plaintiff Survival Spring, LLC d/b/a Eagles Crossing Disc Golf (hereinafter "Survival Spring"), for its Complaint against Defendant Max Disctance IP, LLC (hereinafter "Max Disctance IP") and Max Disctance, LLC ("Max Disctance LLC"), alleges as follows:

### Nature of the Action

1.  This case arises out of bad faith attempts by Max Disctance to stop Survival Spring from competing in the market by asserting infringement of an invalid patent. As set forth below, Survival Spring informed Max Disctance of the invalidity of its patent and of Survival Spring's intention to launch a new product line, but Max Disctance delayed for nearly four months to accuse Survival Spring's new products of patent infringement, in an apparent attempt to harm Survival Spring by allowing it to incur additional costs in investing in the new products, before thereafter badgering Survival Spring with infringement allegations and attempting to remove Survival Spring's products from the Amazon.com marketplace. To prevent further damage, Survival Spring brings this action.

1

**Background & Parties**

2. This is an action brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 for declaratory judgment of non-infringement of U.S. Patent No. 12,330,025 B1 ("the '025 Patent") entitled "Disc golf disc retrieval device and method of use."

3. Survival Spring is a corporation organized and existing under the laws of the State of Missouri, having a principal place of business at 13355 Fairfield Circle Drive, Chesterfield, MO 63107.

4. Upon information and belief, Max Disctance IP owns the '025 Patent and is a limited liability company organized under the laws of the State of Texas, having a principal place of business at 2517 Sunnyside Dr., McKinney, Texas 75071.

5. Upon information and belief, Max Disctance LLC engages in offering for sale products that Defendants assert embody the '025 Patent and is a limited liability company organized under the laws of the State of Texas, having a principal place of business at 2517 Sunnyside Dr., McKinney, Texas 75071.

**Jurisdiction and Venue**

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Because the amount in controversy exceeds $75,000, and because Survival Spring and Defendants are diverse parties, the Court also has original jurisdiction under 28 U.S.C. § 1332.

8. The Court has personal jurisdiction over Defendants under Mo. Stat. § 506.500(1) of the Missouri long arm statute, as, on information and belief, Defendants transact business within the state of Missouri. Specifically, on information and belief, Defendants market and sell products to Missouri residents they assert embody the '025 Patent, online through their website at

CORE/3512067.0176/238171268.1

https://maxdisctance.com/product-category/retrievers/, which is accessible in Missouri and on which they brandish the '025 Patent. Further, Defendants have previously sold such products directly to Survival Spring, for Survival Spring to resell at its shop located in Missouri.

9. The Court also has personal jurisdiction over Defendants under Mo. Stat. § 506.500(3) of the Missouri long arm statute because Max Disctance IP's accusations of patent infringement against Survival Spring, a Missouri company, have yielded consequences in Missouri, including impairing Survival Spring's ability to market and sell products that it ships out of Missouri. On information and belief, Max Disctance LLC authorized these accusations and correspondence.

10. Assertion of personal jurisdiction against Defendants does not violate due process because Defendants have directed contacts at the Eastern District of Missouri to enforce the '025 Patent. Specifically, Defendants have directed cease and deist letters at Survival Spring. Defendants also sent Survival Spring a litigation hold letter in Missouri and requested Survival Spring's Missouri attorney accept service. Through these letters, Defendants have threatened to sue Survival Spring for patent infringement and threaten its business operations in Missouri. The letters are substantially related to the cause of this action. As such, Defendants have minimum contacts with the forum and created an imminent threat of litigation.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claim at issue in this lawsuit occurred in this judicial district, or in the alternative, under 28 U.S.C. § 1391(b)(3) because Defendants are subject to personal jurisdiction here.

CORE/3512067.0176/238171268.1

## Factual Background

12. Survival Spring sells disc golf equipment under the brand INZONE. The INZONE brand originated many years ago with founder Lavone Wolf, a member of the Disc Golf Hall of Fame. Survival Spring acquired the INZONE brand from Mr. Wolf and is continuing his tradition of producing and selling top quality disc golf products. The product offerings of Survival Spring under the INZONE brand are shown at https://www.inzonediscgolf.com/. These products include disc golf retrievers.

13. Survival Spring previously sourced some versions of suction cup disc retriever products from Defendants for resale in Survival Spring's shop in Missouri. Survival Spring learned purchasers of Defendants' products were dissatisfied with the products. One customer of Survival Spring's shop experienced product failure from breaking the same day of purchase.

14. During 2025, Survival Spring began plans to release new disc golf retriever products, including SUCK-IT suction cup retriever heads and KWIK-STIK retrievers including a telescoping pole with a SUCK-IT suction cup retriever head. Examples of the new products are shown below.




CORE/3512067.0176/238171268.1

15. Survival Spring was aware that Defendants had contacted retriever sellers in the disc golf market regarding alleged infringement of the '025 Patent. Thus, on September 23, 2025, Survival Spring through its counsel contacted Defendants' counsel, providing a detailed explanation of invalidity of the '025 Patent and announcing Survival Spring's forthcoming release of its SUCK-IT retrieval heads and related retrievers. This correspondence explained that all three claims of the '025 Patent are invalid over prior art in the public domain before the effective filing date of the '025 Patent, attaching a detailed analysis chart of the claims compared to the prior art.

16. Defendants responded through counsel on October 13, 2025, stating that they would respond in "due course."

17. Having received no substantive response to its well-articulated explanations for the invalidity of the '025 Patent, Survival Spring launched its products incorporating the SUCK-IT feature, offering the products for sale on its own website and at the marketplace on Amazon.com.

18. Defendants responded to Survival Spring's letter on January 16, 2026. Max Disctance IP alleged, for the first time, that "Survival Spring is directly and indirectly infringing . . . the '025 Patent," referencing the INZONE Kwik-Stik XXL Telescoping Disk Golf Retriever listed on Amazon.com.

19. Survival Spring was notified on January 22, 2026, that Max Disctance IP had reported Survival Spring's INZONE products on Amazon.com for purported infringement of the '025 Patent. This action imminently threatens a take-down action by Amazon based on Max Disctance IP's allegations of infringement that would halt Survival Spring's sales through Amazon. The Amazon take-down procedure set in motion by Defendants will cause Amazon to remove Survival Spring's products from Amazon absent filing of this complaint.

CORE/3512067.0176/238171268.1

20. The parties have subsequently exchanged correspondence concerning the invalidity of the '025 Patent, with no resolution in sight. For example, in its most recent correspondence, Defendants stated that they "will proceed with litigation" and attached a litigation hold letter.

21. Accordingly, a substantial, immediate, and real controversy exists between Survival Spring and Defendants regarding whether Survival Spring's INZONE products, including but not limited to the products accused in Max Disctance IP's letter, infringe the '025 Patent. A judicial declaration is necessary to determine the parties' respective rights regarding the '025 Patent.

## FIRST CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement)**

22. Survival Spring incorporates herein by reference the allegations contained in Paragraphs 1 through 21, above, as if fully set forth herein.

23. Survival Spring does not—through its products or otherwise—directly infringe, contributorily infringe, or actively induce others to infringe, either literally or under the doctrine of equivalents, any valid claim of the '025 Patent.

24. Survival Spring is entitled to a declaratory judgment by the Court that its products, including but not limited to the products accused in Defendants' letter, have not and do not infringe any valid claim of the '025 Patent.

## SECOND CLAIM FOR RELIEF

**(Declaratory Judgment for Equitable Estoppel)**

25. Survival Spring incorporates herein by reference the allegations contained in Paragraphs 1 through 21 above, as if fully set forth herein.

CORE/3512067.0176/238171268.1

26. Beginning no later than September 23, 2025, Defendants became aware that Plaintiff was intending to make, use, and/or offer for sale the INZONE products that Defendants now contends infringe the '025 Patent.

27. Despite such knowledge, Defendants through their silence and failure to timely respond to the September 23rd letter or pursue legal action, communicated to Survival Spring that it would not assert the '025 Patent against Plaintiff's forthcoming INZONE products incorporating the SUCK-IT feature.

28. Defendants' conduct reasonably led Survival Spring to believe that Max Disctance IP did not intend to enforce the '025 Patent against Plaintiff's INZONE products incorporating the SUCK-IT feature.

29. In reliance on Defendants' conduct, Survival Spring continued its investment in the forthcoming line of INZONE products incorporating the SUCK-IT feature that Defendants now accuse of infringement as of January 16, 2026.

30. Survival Spring's reliance was reasonable and foreseeable under the circumstances.

31. Survival Spring would suffer material economic prejudice if Max Disctance IP were now permitted to assert the '025 Patent, including but not limited to lost capital expenditures.

32. Survival Spring is therefore entitled to a judgment that Defendants are barred by equitable estoppel from asserting the '025 Patent against Survival Spring.

**DEMAND FOR JURY**

Pursuant to Federal Rule of Civil Procedure 38, Survival Spring demands trial by jury on all triable issues.

**Prayer for Relief**

WHEREFORE, Survival Spring respectfully requests the Court to enter judgment for it, and against Defendants, as follows:

A. For a declaratory judgment by the Court that Survival Spring and its products have not and do not infringe any valid claims of the '025 Patent;

B. For a declaration that the '025 Patent claims are invalid or unenforceable due to non-compliance with 35 U.S.C. 101, 102, 103 and 112.

C. For a declaration, as warranted, that this is an exceptional case under 35 U.S.C. § 285;

D. For an award to Survival Spring of its attorneys' fees and expenses in this action; and

E. For such other and further relief as the Court deems just and proper.

Date: February 10, 2026                          Respectfully submitted,

**STINSON LLP**

*/s/ David R. Barnard*
David R. Barnard, #47127
1201 Walnut St., Suite 2900
Kansas City, MO 64106
Telephone (816) 691-2608
Facsimile (816) 412-1017
david.barnard@stinson.com

Austin C. Diehl, #75528
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
Telephone (314) 863-0800
Facsimile (314) 863-9388
austin.diehl@stinson.com

***Attorneys for Survival Spring, LLC d/b/a Eagles Crossing Disc Golf***